# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT E. WOLTKAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-0421-CV-W-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On February 2, 2007, following a hearing, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On May 17, 2007, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record

> supports the Commissioner's decision, we may not reverse it because
> substantial evidence exists in the record that would have supported a
> contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

Plaintiff argues that the ALJ committed reversible error because the ALJ failed to consider the disability opinion of the Veteran's Administration in formulating his residual functional capacity findings. Plaintiff also argues that the hypothetical question posed to the vocational expert was defective because it did not include his complaints of pain and the residual effects of that pain. Finally, plaintiff argues that the ALJ erred because he failed to properly consider the opinion of plaintiff's treating physician. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ did not consider the VA's determination that plaintiff had a 100% service connected disability. While the VA's determination is not binding on the ALJ, he should have at least considered the determination and explained why he was rejecting the decision. Additionally, on remand the ALJ should consider the evidence which was submitted to the Appeals Council by plaintiff's long time treating physician.

Plaintiff asks that the Court reverse this decision and award him benefits. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate the VA's disability determination and the evidence from plaintiff's treating physician.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 15) and the decision of the

Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: 5/5/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan Jr.
United States District Judge